UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| EVERGREEN WORKING CAPITAL, LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:24-cv-00342-LEW |
| MYR GROUP INC. and E.S. BOULOS COMPANY, | ) ) ) | |
| Defendants | ) | |

## ORDER ON MOTION TO DISMISS

In this action, Plaintiff Evergreen Working Capital, LLC, seeks to recover from Defendants MYR Group Inc. and E.S. Boulos Company for "Amounts Due on an Open Account," "Breach of Statutory and Contractual Duties to Pay Invoices," "Stopped Check," and "Detrimental Reliance." Complaint (ECF No. 1). The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 11), which I now deny for the reasons that follow.

### BACKGROUND

These background facts concern Plaintiff's claims, some of which rely on Louisiana law. The Defendants' Motion to Dismiss is based on the *Colorado River* abstention doctrine. Consequently, the relevant background also concerns litigation in other courts. The circumstances concerning the other litigation are related in Defendants' Motion and exhibits thereto and are subject to judicial notice.

1

This case proceeds on the basis of diversity jurisdiction. Plaintiff Evergreen is a Louisiana company. Defendant MYR Group is a Delaware corporation with a principal place of business in Colorado. Defendant E.S. Boulos is a Delaware corporation with a principal place of business in Maine. The dispute concerns payment under a construction contract in amounts in excess of $75,000, related to a Maine-based solar farm project.

In 2023, non-party Aura Energy Services, LLC entered into a contract with E.S. Boulos in which Aura agreed to perform work on a solar farm owned by another non-party. In effect, Aura was a subcontractor to E.S. Boulos. In connection with this work, Aura entered into a Factoring and Security Agreement with Plaintiff Evergreen. Through their Agreement, Evergreen advanced funds to Aura upon Aura's presentation of its invoices and account receivables, and Evergreen succeeded to Aura's right to collect from E.S. Boulos.

> As alleged:
>
> For each Invoice that Evergreen provided factoring services and acquired from Aura, an authorized E.S. Boulos representative executed an Invoice Acknowledgment agreeing and confirming that the amounts due under the Invoices were correct, that "**the work and/or materials represented in the invoice has been completed and delivered to [E.S. Boulos'] satisfaction**", and that "**the invoice will be paid by [E.S. Boulos] to [Evergreen] without recoupment, setoff, defense, or counterclaim.**"

Compl. ¶ 26 (emphasis in original).

Defendant MYR Group, on behalf of E.S. Boulos, later issued a check to Evergreen for certain overdue invoices. However, MYR Group issued a stop payment order and the check was not honored. Certain invoices are outstanding and remain unpaid.

Prior to filing a civil action in this Court, in November of 2023, Evergreen, Aura, and another party filed a lawsuit in the State of Maine Superior Court against E.S. Boulos, MYR, and others, in pursuit of the same (and additional) sums of money (and other relief, including lien enforcement) based on nonpayment for work completed. Compl. in Me. Sup. Ct., Mot. Ex. A, at ¶¶ 28, 42-44 (ECF No. 11-2). Discovery commenced in that action in or around March of 2024. Notification of Discovery Service, Mot. Ex. C (ECF No. 11-4). The Maine Business and Consumer Court assumed jurisdiction over that dispute in April of 2024. Notification of Acceptance, Mot. Ex. D. (ECF No. 11-5). In May of 2024, the State Court briefly stayed proceedings in light of a motion for withdrawal of plaintiffs' counsel from the case. Motion to Withdraw as Authorized by Court Order, Mot. Ex. E (ECF No. 11-6). By the end of June 2024, Plaintiff Aura's financial circumstances caused it to file for bankruptcy protection. Bankr. Pet., Motion Ex. F (ECF No. 11-7). In July of 2024, the Business and Consumer Court granted the motion to withdraw and enlarged the plaintiffs' deadline to respond to discovery pending the appearance of new counsel. Order on Mot. to Withdraw, Mot. Ex. G (ECF No. 11-8).

Meanwhile, Plaintiff Evergreen attempted to recover on the invoices and accounts receivable it purchased from Aura by filing a lawsuit against MYR and E.S. Boulos in Louisiana's 19th Judicial District Court. Pet. for Damages, Mot. Ex. H (ECF No. 11-9). The 19th Judicial District terminated that proceeding as to MYR and E.S. Boulos based on lack of personal jurisdiction, expressly reserving the claims against those defendants for prosecution in a court of competent jurisdiction. Judgment, Mot. Ex. I (ECF No. 11-10).

## DISCUSSION

Defendants argue that this Court should dismiss this federal case based on the *Colorado River* doctrine. "Under the doctrine established in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a federal court may abstain in certain instances where there is a parallel state court proceeding, 'based on "considerations of wise judicial administration" that counsel against duplicative lawsuits.'" *Glassie v. Doucette*, 55 F.4th 58, 63 (1st Cir. 2022) (quoting *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27 (1st Cir. 2010) (quoting *Colorado River*, 424 U.S. at 817)). The proper exercise of discretion is subject to an "exceptional-circumstances test"; it is not a matter of simply preferring predecessor suits in state court over follow-on federal suits for the convenience of the federal court. *Jimenez*, 597 F.3d at 27. The test entails a list of non-exclusive and non-individually-determinative factors, to wit:

> (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

*Id.* at 27-28. The application of these factors is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Cases that satisfy the minimum requirements for abstention are "few and far between." *Jimenez*, 597 F.3d at 28.

### A. Factors One and Two

Here, the first factor does not aid the Defendants. There is no res to be concerned with.[1] Nor is this federal forum inconvenient, making the second factor similarly unhelpful. Given the underlying solar farm's project location in Maine, this is an appropriate and convenient forum for the resolution of Plaintiff's claims.

### B. Factor Three

The third factor shines some light on Defendants, though not enough to justify disregarding the premise that jurisdiction should ordinarily be exercised. The avoidance of piecemeal litigation involves "something more than just the repetitive adjudication that takes place in all cases implicating [the] *Colorado River* doctrine." *Id.* at 29. This factor, instead, anticipates a showing of "some exceptional basis for dismissing one action in favor of the other." *Id.* (quoting *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 11 (1st Cir. 2003)). Defendants contend that there is an exceptional basis for dismissing this case in favor of the case pending in the Maine State Superior Court because that state case has been pending for months and because Plaintiff was also a party plaintiff in the Louisiana case that was dismissed for lack of jurisdiction. I do not find either circumstance compelling. The case pending in Maine Superior Court is still getting started. It is probable that it will outlive this case if this case remains in this Court. Furthermore, the fact that Plaintiff unsuccessfully tried to sue Defendants in Louisiana is of no moment, as the 19th Judicial District Court stipulated (and it is otherwise self-evident) that the dismissal for

---

[1] The Superior Court litigation involves mechanics' liens, but the liens have been suspended by presentation of a bond. In any event, Plaintiff is not a contractor and has no lien.

lack of personal jurisdiction was without prejudice. Defendants also observe that Plaintiff proceeds here on claims based on Louisiana law and that Plaintiff's claims arise out of the same underlying controversy. They add that because this litigation involves only a subset of the parties appearing in the Superior Court the preclusive effect of a judgment in this Court will be limited and might somehow prejudice them. But Plaintiff appears to be able to proceed more expeditiously here based on allegations concerning specific invoices, outlays, acknowledgements, completed work, and stopped checks. Plaintiffs' participation in the Superior Court case dispute among contractors and project owners appears to be rather inefficient given the nature of its claims. None of the *Colorado River* factors suggests that a defendant's interest in delaying a plaintiff's potential recovery is an adequate justification for abstention.

C.  **Factor Four**

The fourth factor is slightly auspicious to Defendants, at least upon casual inspection. Plaintiff's decision to file suit in the Superior Court first invites a kind of reflexive attitude suggesting that it is fair to block Plaintiff from this federal forum. *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 14 (1st Cir. 1990). But while relevant, that reflex is not determinative. *Id.* The fact that the Superior Court litigation predates this litigation deserves little weight where, as here, the Superior Court litigation is still just getting going and where there is no evidence that Plaintiff has repaired to this forum to overcome some setback imposed by the Superior Court. *Id.* at 15.

**D.     Factors Five and Six**

State law governs Plaintiff's claims, which means that Plaintiff has no special need for recourse in this forum instead of the Superior Court.  Furthermore, the Superior Court is certainly an adequate forum capable of protecting the parties' interests.  But this basic plain-vanilla reality seems an inadequate showing in the context of an "exceptional circumstances test."  Defendants also suggest that this case will involve especially complicated questions of Maine choice of law principles and, potentially, Louisiana law.  But it does not appear that this case will be particularly complicated in that regard.  Reliance on the presence of state law questions as a primary basis to support abstention is rarely warranted.  *Villa Marina Yacht Sales*, 915 F.2d at 15.  If this Court were to abstain, no doubt Plaintiff's and Defendants' respective interests would be safeguarded by the Superior Court.  But that seems a rather unexceptional and typical circumstance, not one that should secure abstention standing, more or less, on its own.

**D.     Factors Seven and Eight**

Defendants also mention the Supreme Court's observation, in dicta, that "vexatious or reactive" litigation may succumb to the *Colorado River* abstention doctrine.  Mot. at 10 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.20 (1983)).  I do not see cause here to find Plaintiff's federal action vexatious or improperly reactive for purposes of the seventh factor.  Instead, it appears that Plaintiff is attempting a more surgical approach to securing relief following another state court plaintiff's bankruptcy filing.

Finally, Defendants assert that there is a removal-related policy that needs protection. I am not aware of what that policy is based on Defendants' briefing. It appears that Defendants are really just reiterating the concern, previously addressed, that Plaintiff should be bound by its initial approach of joining with Aura and another party plaintiff to file suit in the Superior Court.

## CONCLUSION

Upon balancing the various factors that govern application of the *Colorado River* abstention doctrine, I find that the circumstances in this case are not exceptional enough to make it one of the few and far between cases that would justify abstaining from the exercise of federal jurisdiction in the interest of wise judicial administration. Consequently, Defendants' Motion to Dismiss is DENIED (ECF No. 11).

SO ORDERED.

Dated this 9th of July, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge